IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

David Andrea Jenkins,
Plaintiff,
v.
Dr. Benjamin Thomas and Correct Care Solutions,
Defendants.

CIVIL ACTION NO. 9:14-1679-TLW-BM

**REPORT AND RECOMMENDATION**

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, a pre-trial detainee at the Lexington County Detention Center, alleges violations of his constitutional rights by the named Defendants. Specifically, Plaintiff alleges that the Defendant Thomas, a dentist apparently employed by the other named Defendant (Correct Care Solutions), violated his constitutional right to adequate medical care by failing to properly treat his dental problems and issues, resulting in multiple cracked teeth and a need for him to have dental implants.

The Defendant Correct Care Solutions filed an Answer to the Complaint on July 25, 2014. However, the Defendant Thomas, rather than file an answer, filed a Rule 12 motion to dismiss, asserting therein that the Complaint failed to state a cause of action and that Plaintiff had failed to establish a constitutional violation. For the reasons set forth hereinbelow, the Defendant Thomas' motion is without merit and should be denied.

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff.





Therefore, the motion can be granted only if Plaintiff has failed to set forth sufficient factual matters in the Complaint to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). With respect to a medical claim, in order to state a plausible claim for relief Plaintiff must have set forth factual allegations sufficient to create a genuine issue of fact as to whether the named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990). Liberally construed,[1] Plaintiff's factual allegations meet this standard. Ashcroft, 129 S.Ct. at 1949; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) [A complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations; rather, the factual allegations of the complaint need only be "enough to raise a right to relief above the speculative level"].

Plaintiff alleges in his verified Complaint[2] that while he was housed at the Lexington County Detention Center[3] he wrote numerous medical requests concerning the condition of his teeth and requesting treatment. Plaintiff further alleges that while the Defendant did initially do fillings for two of his teeth, the Defendant thereafter refused to do any more fillings and wanted to perform

[1]This Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

[2]In this Circuit, verified complaints by pro se litigants are to be considered as affidavits. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3]Plaintiff is now an inmate with the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Littleton, Colorado. See Court Docket No. 18.





some extractions. Plaintiff did not want his teeth pulled, but alleges he was told by the Defendant that that was the way things were "usually done" and was what was recommended by the Marshal's office.[4] However, Plaintiff alleges that when he asked the Marshal about what the Defendant had told him, they said that they went by what the dentist recommended. Plaintiff further alleges that during this same period of time, the Defendant provided a filling to another inmate in the same tooth as Plaintiff was requesting, without an extraction, but that the Defendant continued to refuse to provide Plaintiff with any fillings, and that eventually the two teeth that Plaintiff needed fillings for "cracked".

Plaintiff alleges that the Defendant then told the Plaintiff that he would send him to another dentist for "fillings/restorations & extractions", but that when he went to that other dentist and asked what he planned to do, the other dentist said that he only did extractions. Plaintiff alleges that he has multiple teeth that only needed fillings but that have now cracked because the Defendant would not work on them, and that because of this refusal to provide dental services, the Defendant eventually reached the point where he was wanting to do nine extractions, even though he had initially only wanted to extract four teeth. Plaintiff alleges that the Defendant Thomas refused to provide fillings for his teeth, even though he was providing fillings to other inmates, causing those teeth to rot and crack, and that at the time of the filing of the Complaint he had been in the jail facility for almost two years and had not had his teeth cleaned or filled. Plaintiff alleges that he will now need fillings/restorations and partials to repair the damage. See generally, Plaintiff's Verified Complaint.

---

[4]While Plaintiff was being housed in a county jail, he was apparently being held on federal charges.





In support of dismissal of Plaintiff's claims, Dr. Thomas has provided an affidavit in which he attests to the care and treatment he provided the Plaintiff for his complaints, as well as copies of some medical records. Dr. Thomas then argues that, conversely, Plaintiff has presented "no evidence . . . to establish that Dr. Thomas was aware of any facts indicating that there was a substantial risk of harm to the Plaintiff or from which an inference could be drawn of such a risk". Dr. Thomas further argues in his motion that "[u]nless the Plaintiff presents credible evidence to show his medical needs were serious or life threatening and Dr. Thomas was deliberately and intentionally indifferent to those needs of which he was aware at the time, the Plaintiff may not prevail". See Defendant's Brief, p. 6. However, this is a Rule 12 motion to dismiss, not a Rule 56 motion for summary judgment. There has been no discovery in this case yet, and Plaintiff is not required to present "evidence" to support his claims at this stage of the proceedings. That is what a motion for summary judgment is for.[5] Rather, as previously noted, the only question before the Court at this time is whether Plaintiff has set forth sufficient factual allegations *in his Complaint* to state a plausible claim that the Defendant Thomas was deliberately indifferent to his serious medical needs. Francis, et al, v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009)[Plausibility standard met where the Plaintiff "articulate[s] facts , when accepted as true," that state a plausibility of entitlement to relief]; see Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009)[requirement is that Plaintiff's allegations provide sufficient notice to defendants of the plaintiff's claim]; Austen v. Catterton

[5]Indeed, if the Court were to consider the affidavit and exhibits submitted by the Defendant in support of its motion, it would have to convert this matter to a Rule 56 motion for summary judgment to do so. Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007). Such an action at this early point in time would be manifestly unfair to the Plaintiff, who has not had an opportunity to engage in any discovery to obtain evidence to support his claims.





Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010)[Plaintiff only required to provide adequate notice to the defendant of the basis for the lawsuit and to make a claim plausible].

After careful consideration of the allegations of the Complaint, the undersigned finds and concludes that, at least for purposes of Defendant's Rule 12 motion to dismiss, Plaintiff has set forth sufficient factual allegations to set forth a constitutional claim for deliberate indifference. See Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"], quoting Farmer v. Brennan, 511 U.S. at 837; Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to infer that all of the required elements of the cause of action are present."]. Therefore, while the Defendant may ultimately be able to prevail on this claim at summary judgment, his motion to dismiss this claim at this time pursuant to a Rule 12 motion should be denied. Austen, 709 F.Supp.2d at 172 [Iqbal's plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]]; and, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely"]; citing Twombly, 550 U.S. at 556 (internal quotation marks and citations omitted); see also Vogt v. Greenmarine Holding, LLC, 318 F.Supp.2d 136, 146 (S.D.N.Y. 2004) [Finding that Plaintiffs had asserted sufficient facts to allege improper conduct by the named defendants, and that "[w]hether plaintiffs will be able to demonstrate the truth of those facts after discovery is an entirely different





question, but plaintiffs are entitled to make the attempt"].

**Conclusion**

Based on the foregoing, it is **recommended** that the Defendant's motion to dismiss be **denied**. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); see also Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).[6]

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

September 8, 2014
Charleston, South Carolina

---

[6]In the event the Court is not inclined to adopt the recommendation set forth hereinabove, Plaintiff would be entitled to issuance of a Roseboro order and an opportunity to respond to the Defendant's motion before a final ruling thereon.





**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



