IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Andrea Jenkins, ) | CIVIL ACTION NO. 9:14-1679-TLW-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Dr. Benjamin Thomas, and ) | |
| Correct Care Solutions, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. 1983. Plaintiff, who during the time period relevant to his claims was a pretrial detainee housed at the Lexington County Detention Center, is now a federal prisoner housed at the Federal Correctional Institution in Littleton, Colorado. See Court Docket Nos. 17 and 18. Plaintiff alleges that the named Defendants violated his constitutional rights with respect to medical treatment he did or did not receive while he was at the Lexington County Detention Center.

The Defendant Benjamin Thomas filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 6, 2015. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on January 8, 2015, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted. Plaintiff thereafter filed a memorandum in opposition to Thomas' motion, with attached exhibits, on February 10, 2015.



- 1 -

The Defendant's motion is now before the Court for disposition.[1]

**Background and Evidence**

Plaintiff alleges in his verified complaint[2] that while he was housed at the Lexington County Detention Center he wrote numerous medical requests concerning the condition of his teeth and requesting treatment. Plaintiff further alleges that while the Defendant Thomas (a dentist) did initially do fillings for two of his teeth, he thereafter refused to do any more fillings and instead wanted to perform some extractions. Plaintiff did not want his teeth pulled, but alleges he was told by the Defendant that that was the way things were "usually done" and was what was recommended by the U. S. Marshal's office.[3] However, Plaintiff alleges that when he asked the Marshal about what the Defendant had told him, they said that they went by what the dentist recommended. Plaintiff further alleges that during this same period of time, the Defendant provided a filling to another inmate in the same tooth as Plaintiff was requesting, without an extraction, but that the Defendant continued to refuse to provide Plaintiff with any fillings, and that eventually the two teeth that Plaintiff needed fillings for "cracked".

Plaintiff alleges that the Defendant then told the Plaintiff that he would send him to another dentist for "fillings/restorations & extractions", but that when he went to that other dentist

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this motion is dispositive, this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

[3] While Plaintiff was being housed at a county jail, he was apparently being held on federal charges.



and asked what he planned to do, the other dentist said that he only did extractions. Plaintiff alleges that he has multiple teeth that only needed fillings but that have now cracked because the Defendant would not work on them, and that because of this refusal to provide dental services, the Defendant eventually reached the point where he was wanting to do nine extractions, even though he had initially only wanted to extract four teeth. Plaintiff alleges that the Defendant Thomas refused to provide fillings for his teeth, even though he was providing fillings to other inmates, causing those teeth to rot and crack, and that at the time of the filing of the Complaint he had been in the jail facility for almost two years and had not had his teeth cleaned or filled. Plaintiff alleges that he now needs fillings/restorations and partials to repair the damage. Plaintiff has attached to his Complaint a copy of a Grievance he filed on March 7, 2014 wherein he complains about the dentist refusing to provide him with fillings. See generally, Plaintiff's Verified Complaint, with attached Exhibit.

In support of summary judgment, the Defendant Dr. Benjamin Thomas has submitted an affidavit wherein he attests that he is a dentist licenced to practice in the State of South Carolina.[4] Thomas attests that he provides dental services to detainees housed at the Lexington County Detention Center as part of his work with Correctional Care Solutions (the other named Defendant), which has a contract to provide dental services to inmates at the Detention Center. Thomas attests that, in this capacity, he saw the Plaintiff on or around January 8, 2013, at which time Plaintiff had seven teeth that needed to be extracted and eleven teeth that needed to be filled. Thomas attests that he saw Plaintiff again on or around February 15, 2013, and that he had seven teeth that could not be saved, and eleven teeth that needed to be filled. Thomas attests that Plaintiff did not complain of

---

[4] This affidavit was submitted as part of a previously filed motion to dismiss, and can be found on the Court Docket at Docket No. 33-2.



any pain, specifically "refused any extractions", and wanted Dr. Thomas to instead fill his teeth for cosmetic purposes prior to his court appearance. Dr. Thomas attests that Plaintiff's request to have his teeth filled before being extracted was denied by the U. S. Marshal Service on or around February 21, 2013. Thereafter, on or around July 9, 2013, Plaintiff complained of pain in teeth Nos. eight and nine, and Dr. Thomas attests that he performed fillings on those two teeth. Dr. Thomas attests that Plaintiff's fillings were handled appropriately and in accordance with medically accepted standards, that there were no complications during or following his fillings, and that Plaintiff did not complain of any pain following his fillings. Dr. Thomas further attests that due to Plaintiff's overall poor dentition, he required extractions of several teeth rather than additional fillings because of his severe cavities, but that Plaintiff again refused to have any extractions performed. Dr. Thomas has attached copies of Plaintiff's medical records setting forth his treatment of the Plaintiff to his affidavit as Exhibit A.

Dr. Thomas attests that he is a licensed dentist in good standing, has worked as a dentist for more than thirty years and is familiar with the standards of care for this profession, and that in his opinion based upon a reasonable degree of medical certainty the dental care and treatment that he provided to the Plaintiff at all times complied with accepted standards of dental care for dentists engaged in the practice of dentistry. Dr. Thomas further attests that he does not believe Plaintiff was suffering from any ailment, injury or condition that was immediately life threatening or presented an imminent risk of serious harm to his health or well being, that he ordered all pertinent tests and treatments that Plaintiff's condition required, and that at no time was he deliberately indifferent to any medical or dental needs or any substantial risk of harm to the Plaintiff. See generally, Thomas Affidavit, with attached Exhibits.



As attachments to his response in opposition to Dr. Thomas' motion for summary judgment, Plaintiff has provided an affidavit as well as numerous exhibits. Plaintiff attests in his affidavit that he began seeing Dr. Thomas for holes in his teeth sometime after August 2012, that Dr. Thomas performed two fillings, and then recommended extracting several teeth as opposed to filling them and failed to perform any additional treatment. Plaintiff alleges that his condition has not been cured and that oral surgery is now needed to correct his permanent loss of ability to chew. Plaintiff further attests that on March 10, 2013, he specifically complained of extreme pain in a Health Services Request to Staff, to which no relief was provided by Dr. Thomas. See generally, Plaintiff's Affidavit. Plaintiff's additional exhibits contain some of the same documents submitted as exhibits by Dr. Thomas detailing his treatment and Dr. Thomas' recommendations, and several Prisoner Request forms (which also mention Plaintiff wanting some glasses). See generally, Plaintiff's Affidavit, with attached Exhibits.

**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see

- 5 -



Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence submitted, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendant Thomas is entitled to summary judgment in this case. Additionally, as the same evidence before the Court applies equally to Plaintiff's claim against the other named Defendant, Correct Care Solutions, that Defendant is also entitled to dismissal of Plaintiff's claim, and therefore summary judgment should be granted, in toto.

In order to avoid summary judgment, Plaintiff would need to have submitted evidence sufficient to create a genuine issue of fact as to whether either named Defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennen, 511 U.S. 825, 837 (1994); Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Wester v. Jones, 554 F.2d 1285 (4th Cir. 1977); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990).[5] Plaintiff has failed to submit any such evidence.[6] Specifically,

---

[5] Since Plaintiff was a pre-trial detainee during the time period set forth in the complaint, his claim is evaluated under the due process clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 (1979). However, for purposes of consideration of Plaintiff's claim, the standard of whether Plaintiff received constitutionally adequate medical care is essentially the same as that of a convicted prisoner. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)[Holding that the 14th Amendment guarantees at least 8th Amendment protections]; Estate of Miller, ex. Rel. Bertram v. Tobiasz, 680 F.3d 984, 989 (7th Cir. 2012)["The same standard applies for determining claims of deliberate indifference to the serious medical conditions of pretrial detainees and incarcerated individuals, though pursuant to the Fourteenth Amendment for pretrial detainees rather than the Eight Amendment."].

[6] It should also noted that Defendant has moved for summary judgment, inter alia, on the
(continued...)



there is no evidence to show that either Dr. Thomas or his employer, Correct Care Solutions, violated Plaintiff's constitutional rights.[7]

---

[6](...continued)
ground that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997(e)(a), Plaintiff was required to exhaust the administrative remedies available to him at the Detention Center before he could file this lawsuit. However, it is the Defendant who has the burden of showing that Plaintiff failed to exhaust his administrative remedies; see Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007); and although it is readily apparent that Plaintiff only submitted his grievance shortly before he filed this Complaint (see Verified Complaint, attached Exhibit (Plaintiff's Grievance Form)), and Plaintiff concedes in his Complaint that he had not received a final determination on his grievance prior to filing this lawsuit; see Verified Complaint (Section II, ¶ ¶ C and D); the Defendant has provided no evidence to the Court by way of affidavit, copies of Detention Center Grievance Policies, or otherwise, to show what the grievance procedure was or is at the Lexington County Detention Center or what steps Plaintiff took to exhaust any policy. Conversely, Plaintiff asserts in his response to the Defendant's motion for summary judgment that he submitted his complaints at the jail according to what the "prison's administrative rules require". Hence, although it is readily apparent to the undersigned that Plaintiff did not exhaust his administrative remedies, as it is the Defendant's burden to both plead and prove failure to exhaust, out of an abundance of caution the undersigned has proceeded to address Plaintiff's claim on the merits.

[7]In order to state a claim for alleged constitutional violations under 42 U.S.C. § 1983, Plaintiff must show that the Defendant sued for such violations was a "person" who could, and did, act under color of state law. See 42 U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); see generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002). Although Correct Care Solutions is a private company, and Dr. Thomas was employed by that company and not by the State or County, since Correct Care Solutions had a contract to provide medical care to detainees at the Lexington County Detention Center and Dr. Thomas provided care pursuant to that contract, the undersigned has assumed, at least for purposes of summary judgment, that the Defendants are both "public actors" who acted under color of state law. Cf. Rhea v. Gerold, No. 09-818, 2009 WL 1346139, at * 3 (D.S.C. May 12, 2009)[Addressing claims against Care Center by using § 1983 analysis]; West v. Atkins, 487 U.S. 42, 48 (1988)[Holding that private physicians that contracted with the State to provide medical care to prisoners were state actors because they were hired to fulfil an obligation - medical care - which was traditionally filled by the State]; Jones v. Correctional Care Solutions, No. 09-269, 2010 WL 2639788 at * 6 (D.S.C. June 7, 2010)[Declining to recommend dismissing Correctional Care Solutions on the basis that it did not act under color of state law], adopted by, 2010 WL 2926178 (D.S.C. July 23, 2010), aff'd, 397 Fed.
(continued...)



Dr. Thomas, a licensed dentist, has provided an affidavit as well as voluminous medical records reflecting that Plaintiff received appropriate care for his medical problems and complaints. By contrast, Plaintiff has presented no medical evidence whatsoever sufficient to give rise to a genuine issue of fact that he received constitutionally inadequate medical care. Rather, as is readily apparent from Plaintiff's filings, Plaintiff was simply dissatisfied with the medical care he received, mainly because he rejected the medical advice given by Dr. Thomas and wanted Dr. Thomas to instead provide a different form of care; i.e., placing fillings in teeth that Dr. Thomas believed were too decayed and needed to be extracted. This is not a basis on which Plaintiff can maintain a constitutional claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)[Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim absent exceptional circumstances]; Green v. Senkowski, 100 Fed.Appx. 45 (2d Cir. 2004) (unpublished opinion) [finding that plaintiff's self-diagnosis without any medical evidence insufficient to defeat summary judgment on deliberate indifference claim]; see also Lester v. Ready, No. 00-218, 2001 WL 34837026, at * 3 (E.D.Va. Feb. 15, 2001) [A tooth cavity is ordinarily not a serious medical condition absent intense pain or other exigency].

While Plaintiff may not agree with the extent and nature of the medical care he received, he cannot simply allege in a conclusory fashion that he did not receive constitutionally adequate dental care or attention, otherwise provide no supporting evidence other than his own subjective opinion, and expect to survive summary judgment, particularly when the Defendant has submitted medical records as well as sworn testimony as a medical professional which refute his

---

[7](...continued)
Appx. 854 (4th Cir. Oct. 6, 2010).



claims. See House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]; see also Scheckells v. Goord, 423 F.Supp. 2d 342, 348 (S.D.N.Y. 2006) (citing O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ["Lay people are not qualified to determine...medical fitness, whether physical or mental; that is what independent medical experts are for."]); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"]; see also Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1188-1189 (11th Cir. 1994)["An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed"], overruled in part by Hope v. Pelzer, 536 U.S. 730, 739 n. 9 (2002).

Plaintiff may, of course, pursue a claim in state court if he believes that the dental care he received while at the Lexington County Detention Center constitutes malpractice. However, that is not the issue before this Court. Rather, we are concerned only with whether a constitutional violation has occurred; Estelle v. Gamble, 429 U.S. 97, 106 (1976)["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."]; and because the evidence before the Court is insufficient to raise a genuine issue of fact as to whether either named Defendant was deliberately indifferent to Plaintiff's serious medical needs, the standard for a constitutional claim, Plaintiff's federal § 1983 medical claim should be dismissed. See DeShaney



v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care]; Estelle, 429 U.S. at 106 ["medical malpractice does not become a constitutional violation merely because the victim is a prisoner."].

## Conclusion

Based on the foregoing, it is recommended that the Defendant Thomas' motion for summary judgment be **granted.** Further, as the evidence encompasing Thomas' motion also applies to the other named Defendant, it is recommended that summary judgment in this case be **granted**, in toto, and that this action be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 18, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

- 11 -

